UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN FRANCISCO VEGA,

Plaintiff,

v. Case No. 2:26-cv-1089-SPC-NPM

KERRI FITZPATRICK and BARRY GATTA,

Defendants.
_______________________________/

**OPINION AND ORDER**

Plaintiff Juan Franciso Vega, a civilly committed resident of the Florida Civil Commitment Center (FCCC), brings this *pro se* civil rights action under 42 U.S.C. § 1983. In his now-governing Amended Complaint (Doc. 3), he asserts claims against two individuals employed at the FCCC, Kerri Fitzpatrick and Barry Gatta (collectively "Defendants"). Vega claims they infringed his First Amendment rights by giving him disciplinary write-ups for operating a business, in violation of FCCC rules. Vega has been granted leave to proceed *in forma pauperis*[1] (Doc. 12), and the Amended Complaint is before the Court for screening under 28 U.S.C. §§ 1915(e)(2). Upon consideration, the Court will dismiss the action for failure to state a claim upon which relief may be granted.

---

[1] Since being granted leave to proceed *in forma pauperis*, Vega has filed a second motion also seeking such leave. (Doc. 13). The latter motion is moot.

## Legal Standards

Where a plaintiff is proceeding *in forma pauperis*, the Court has a duty to screen the complaint and dismiss it if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Such review is governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). Thus, when screening a complaint under § 1915(e), well-pleaded factual allegations in the complaint are viewed as true and reasonable inferences are drawn in favor of the plaintiff. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). But mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation")).

Filings of *pro se* litigants are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). However, that does not imply that the court is required to act as an attorney for the *pro se* party or to rewrite a deficient pleading. *See Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

## Allegations of the Amended Complaint

Construing the Amended Complaint in the light most favorable to Vega, it shows the following: On March 13, 2026, Defendant Fitzpatrick, the FCCC "Recreation Specialist," was in the facility computer lab when she observed

Vega "creating an illustration flyer and distribution method" for Errand Services, a business owned by Vega's wife.[2] (Doc. 3 at 3, ¶ 6). Fitzpatrick issued Vega a Behavior Management Report (BMR) charging him with a disciplinary violation for operating a business. Vega claims, however, that he "doesn't own any business nor is he employed by Errand Services." (*Id.*, ¶ 7). Subsequently, Defendant Gatta, the FCCC "Facility Investigator," seized Vega's MP3 player, upon which Gatta discovered an electronic copy of the "illustration flyer" Vega had stored on the device. Gatta issued Vega another BMR also accusing him of operating a business.

On March 25, 2026, Vega received an administrative disciplinary hearing. Vega defended himself by stating, "It's not my business. It's [my wife's]. I was giving her my thoughts and ideas." (Doc. 3 at 6). He was found guilty "under a modicum evidence standard," and his "C.A.R.E Level III was restarted." (*Id.* at 3, ¶ 6; *see also* Doc. 3 at 6–9). That resulted "in an extended reduction of privileges" not otherwise specified. (Doc. 3 at 3, ¶ 9). Vega's MP3 player was also confiscated.

Vega claims his discipline violates the First Amendment because he was written up for "expressing his thoughts and ideas in writing by creating [the] illustration flyer and distribution method for Errand Services." (*Id.* at 3, ¶ 5).

[2] The Court is aware from other cases Vega has filed that his wife is Nancy Martinez, a former FCCC employee. *See Vega v. Masters*, No. 2:21-CV-771-JLB-NPM, 2024 WL 5293783, at *1 (M.D. Fla. July 9, 2024); *see also* (Doc. 3 at 6 (where Vega is recorded as having stated at his disciplinary hearing, "It's not my business. It's Nancy's.")

Alleging that he has suffered mental anguish and emotional distress, Vega demands $100,000 in compensatory and punitive damages.

**Discussion**

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham*, 654 F.3d at 1175. In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001). It is assumed Defendants acted under color of state law. The issue, then, is whether Vega's allegations plausibly support that Defendants caused a violation of his constitutional rights.

FCCC residents are not prisoners; they are confined civilly. *See Pesci v. Budz*, 730 F.3d 1291, 1292, 1297 (11th Cir. 2013) (*Pesci I*). Specifically, they have either been civilly committed as sexually violent predators under Florida's Jimmy Ryce Act or they are being held pending such an adjudication. *See id.* When an FCCC regulation or policy impinges on residents' constitutional rights, the regulation is valid if it is reasonably related to the institution's legitimate interests, considering the unique circumstances of civil commitment. *See id.,* 730 F.3d at 1297–1301; *Pesci v. Budz*, 935 F.3d 1159, 1165–67 (11th Cir. 2019) (*Pesci II*). In particular, while "retribution and general deterrence" are not legitimate justifications for regulations in the civil

detention context, "institutional order, safety, and security" remain paramount, as do "the rehabilitation and treatment of civil detainees." *Pesci I*, 730 F.3d at 1298.

Vega received discipline for violating an FCCC regulation prohibiting residents from operating a business. Such a prohibition is constitutionally permissible in the prison context based on institutional interests in security and order. *See Youngblood v. Ala. Dep't of Corr.*, No. 2:15-CV-214-MHT, 2018 WL 1474907, at *8 (M.D. Ala. Mar. 6, 2018) (citing cases), *report and recommendation adopted*, 2018 WL 1474536 (M.D. Ala. Mar. 26, 2018); *see also Prison Legal News v. McDonough*, 200 F. App'x 873, 877 (11th Cir. 2006) (holding penological interests justified prohibition on prisoners receiving compensation for writing articles for publication, including concerns "FDOC would become entangled in inmate business activities" and that "such business activities would perpetuate fraud, extortion, and disputes among inmates and the public"). Because the same concerns apply to the civil detention of sexually violent predators, the FCCC prohibition is likewise facially valid. *See Marchant v. Massachusetts Dep't of Corr.*, No. CV 05-12446-RGS, 2009 WL 10873062, at *17 (D. Mass. June 17, 2009) ("[A] civilly committed [sexually dangerous person] such as plaintiff has no constitutional right to run a business [while confined]."), *report and recommendation adopted*, No. CV 05-12446-RGS, 2009 WL 10873060 (D. Mass. Sept. 11, 2009); *cf. Wean v. Gatta*, No. 2:26-CV-2167-SPC-KRH, 2026 WL 3135111, at *3 (M.D. Fla. Oct. 20, 2026)

(rejecting § 1983 claims arising from discipline against FCCC resident for violating regulation prohibiting operation of a business); *Houtsma v. Kilgo*, No. 2:26-CV-2090-SPC-KRH, 2026 WL 2567585, at *1 (M.D. Fla. Aug. 31, 2026) (same).

Vega's First Amendment claim appears to challenge the FCCC regulation as applied, on the basis that it authorized discipline for his expressive act of creating the flyer related to his wife's business. However, "the First Amendment does not prevent restrictions directed at commerce or conduct from imposing incidental burdens on speech." *Sorrell v. IMS Health Inc.*, 564 U. S. 552, 567 (2011). Vega's allegations do not plausibly suggest he was disciplined based on impermissible content-based speech restrictions rather than because he was engaged in prohibited commercial activity within the facility, which, as explained, is generally subject to regulation. *See Turner v. Shafley*, 482 U.S. 78, 93 (1987) (prison regulation prohibiting inmate-to-inmate mail correspondence was "content neutral" and "logically advances the goals of institutional security and safety" thus did not violate the First Amendment).

Finally, the Court notes that Vega's Amended Complaint does not mention any constitutional provision besides the First Amendment. He does complain, though, about being found guilty of operating a business "under a modicum evidence standard" (Doc. 3 at 3, ¶ 9) and in spite of an insistence that he "doesn't own any business nor is he employed by Errand Services." (*Id.*, ¶

7). Under the Due Process Clause of the Fourteenth Amendment, where a prisoner's protected interest in liberty or property is implicated, determinations of prison disciplinary bodies must be supported by "some evidence," meaning only "a modicum of evidence." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 447, 455 (1985). The Court therefore liberally construes Vega's *pro se* pleading as raising a due process claim contesting the fairness of his disciplinary proceedings, in particular the sufficiency of the evidence.

It is assumed for present purposes that a liberty and/or property interest is implicated by the disciplinary action. Even so, Vega's allegations do not plausibly show a due process violation. He acknowledges Fitzpatrick "observed" him "creating an illustration flyer and distribution method for" the business owned and operated by Vega's wife. Vega likewise admits Gatta viewed an electronic copy of the "illustration flyer" stored on Vega's MP3 player. Vega seems to contend he could not be guilty of operating a business because he does not "own" Errand Services and is not "employed by" it. Nevertheless, FCCC officials could reasonably interpret the regulation prohibiting operation of a business to extend to Vega's admitted activities that would promote, assist, or otherwise further the interests and operation of his wife's businesses. *See Steele v. Sec'y, Dep't of Corr.*, No. 504CV-331-OC-10GRJ, 2008 WL 879402, at *4 (M.D. Fla. Mar. 28, 2008) (evidence supporting prison discipline for operating a business satisfied due process,

notwithstanding prisoner's assertions that he had transferred all interest in his legal self-help business to his mother, he was receiving no financial benefit from it, and he would "only advise" his mother on advertisements and other materials he had written).

Because the Amended Complaint fails to state a claim upon which relief may be granted, it is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). Where it appears that a more carefully drafted complaint might state a claim, a court must allow a *pro se* plaintiff at least one chance to amend before dismissing the action with prejudice. *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). However, a court need not do so where amendment would be futile. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, the Court finds amendment is futile, so the action will be dismissed with prejudice.

Accordingly, it is now

**ORDERED**:

1. Because the Amended Complaint (Doc. 3) fails to state a claim on which relief may be granted and amendment would be futile, this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk is **DIRECTED** to enter judgment, term all pending motions, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida October 26, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-3
Copies: All Parties of Record